UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.     **ED CV 16-1845-JFW (KKx)**                                        Date:  September 1, 2016

Title:     Eugenia Mancera-Celestin, et al. -v- The Bank of New York Mellon, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                    None Present
   Courtroom Deputy                               Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
               None                                                      None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER TO SHOW CAUSE**

On August 26, 2016, Plaintiffs Eugenia Mancera-Celestin and Sedrick Celestin (collectively, "Plaintiffs"), proceeding pro se, filed a Complaint against, inter alia, defendants United States District Judge Percy Anderson and deputy courtroom clerk, Stephen Montes Kerr (collectively, "Defendants").

In their Complaint, Plaintiffs generally allege a scheme in which banks "run a massive lawsuit mill that abuses the United States judicial process to obtain default judgments." Complaint at ¶ 1.  Plaintiffs allege that they fell victim to this scheme when a default judgment was entered against them in Case No. 5:15-cv-02564-PA (KKx).  They allege that Judge Anderson violated his oath of office by denying Plaintiffs their day in court and entering a default judgment.  *Id.* at ¶¶ 32-33.  The role of Judge Anderson's courtroom clerk appears limited to receiving documents evidencing that a default judgment had been improperly issued.  *Id.* at ¶¶ 45-46.

Judicial immunity provides an immunity from suit, not just from an ultimate assessment of damages.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  A judge may not be deprived of immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. 9, 11 (1991); *see also Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (affirming applicability of judicial immunity even where "the allegations were that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge."). Additionally, a plaintiff seeking prospective injunctive relief against a judicial officer must demonstrate that a declaratory decree was violated or that declaratory relief was unavailable. *See Hiramanek v. Clark*, 2013 WL 3803613, at *5 (N.D. Cal. July 19, 2013) (citing 42 U.S.C. § 1983).

Judicial immunity may be overcome in two scenarios. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000). Similarly, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Plaintiffs' Complaint fails to demonstrate that Judge Anderson acted outside of his judicial capacity or in the absence of all jurisdiction, or that Stephen Montes Kerr performed tasks which were not an integral part of the judicial process.

Accordingly, Plaintiffs are ordered to show cause in writing, no later than **September 14, 2016**, why Defendants should not be dismissed from this action based on the doctrines of judicial immunity and quasi judicial immunity. If Plaintiffs file a First Amended Complaint which drops Defendants from this action on or before **September 14, 2016**, the Court will consider that a satisfactory response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of Defendants from this action.

No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause.

IT IS SO ORDERED.